John I. Rogers v. Philadelphia Traction Company, Appellant.

[Marked to be reported.]

*Street railways—Liability for injury caused by operation of works—Damages—Negligence.*

A street railway company, not having the right of eminent domain, is liable for a special injury to another's property by the lawful operation of its works on its own land.

Argued March 30, 1897. Appeal, No. 41, Jan. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1893, No. 109, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Trespass for injury to plaintiff's property. Before WILLSON, J.

At the trial it appeared that the plaintiff owned the buildings 817 and 821 Walnut street, in the city of Philadelphia. The defendant owned a lot in the rear of plaintiff's properties fronting on Sansom street, and it erected thereon a power house in which it placed large and powerful engines and machinery, for the purpose of furnishing power to move its cable cars.

The issue was joined on a declaration which charged that the defendant, "contrary to its duty, so carelessly and negligently erected its power house and building and said machinery thereon, used and to be used, and so carelessly, wrongfully, and negligently ran and operated the same for a long period of time, to wit; at divers times since or before the first day of January, 1888, to the first day of August, 1890, that in consequence of the great and violent shaking, jarring, vibration, and concussion resulting from the said wrongful, negligent, and careless erection and construction of said·power house or buildings and said machinery, and wrongful, careless, and negligent use and operation thereof, the said plaintiff was grievously annoyed, disturbed, and injured in the reasonable and ordinary enjoyment of his said stores and dwellings and the business therein carried."

The court overruled a demurrer to the statement. [1]

Defendant's points and answers thereto were as follows:

1. The defendant, by its letters patent in evidence and the acts of assembly by virtue of which the same were issued, had full authority to build, construct, and operate a cable for the traction of cars, and for that purpose to erect and operate upon its own land such stationary engines as are necessary to furnish power to said cable, without liability to the plaintiff for consequential damages to his property, the uncontradicted evidence being that no part of plaintiff's property has been taken, nor is any portion of the two buildings in contact, there being no use by the defendant of a party wall; but on the contrary, its wall having been built upon its own land, leaving a space between it and plaintiff's wall all the way from the bottom of the foundations to the top of the walls, so designed especially to prevent contact; the machinery and its foundations having been further isolated by being surrounded by an air space, and the best precautions known to the state of the art having been taken by the defendant to prevent the transmission of noise and vibration, excepting as they may be conveyed by the bed of the earth beneath all foundations or by the atmosphere. The verdict should be for defendant. *Answer:* Refused. [2]

2. The defendant is incorporated for the purpose of, and is engaged in, operating a public work, to wit: the carriage of passengers along the public streets in cars drawn by an endless cable. The necessities of this operation and the character of the business compel it to seek the heart of the city as much for the convenience of the public as for its own. Hence, the maintenance of a power house and stationary engines as near the center of its line through the center of the town as possible is in the direct line of its duty, and is part of the lawful enjoyment of its property and franchises; and, as it appears by the evidence, this was done without negligence or malice, it entails no legal liability. If unavoidable inconvenience falls upon neighbors, the same is damnum absque injuria. The verdict should be for defendant. *Answer:* Refused. [3]

3. The injury complained of is alleged to be exclusively due to the operation of the machinery, not to the construction of it or the power house. As its operation is lawful and without negligence, and conducted upon the defendant's own land, without contact or encroachment upon plaintiff's, there can be no recovery, and your verdict should be for defendant. *Answer:* Refused. [4]

4. This is not the case of a private individual maintaining upon his premises, in the heart of a dwelling quarter of the city, objectionable machinery which could be equally well placed in a more secluded spot, but it is the case of a cable railway, authorized by law to maintain a cable road in one of the most important and busy thoroughfares of Philadelphia, and as it appears that this machinery must necessarily be placed upon that thoroughfare, and has been built upon the company's own property and isolated from adjoining buildings, its maintenance is lawful. *Answer:* Refused. [5]

5. Under all the evidence the verdict should be for the defendant. *Answer:* Refused. [6]

The court charged in part as follows:

[I do charge you that if there was any such special damage resulting to the plaintiff from the operation by the defendant of the defendant's works in that building, whereby the plaintiff lost rent or suffered in some other ways that have been described, he is entitled to a verdict for the amount representing that injury.] [7]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were (1) overruling demurrer; (2–7) above instructions, quoting them.

*David W. Sellers,* for appellant.—There is no liability for the necessary effects of the exercise of lawful powers by a corporation unless there be negligence, or the charter impose the same: Rex v. Pease, 4 Barn. & Ad. 30; Brighton Ry. Co. v. Truman, 11 Law Rep. Appeal Cases, 45; Railroad v. Yeiser, 8 Pa. 366; Strawbridge v. Phila., 2 Penny. 419; Keiser v. Mahanoy City Gas Co., 143 Pa. 276; Lippincott v. R. R., 116 Pa. 472.

*George P. Rich,* with him *Henry C. Boyer,* for appellee.— Where a corporation has no right of eminent domain, the operation of its works causing physical injury to another's property is a nuisance for which an action will lie: Pottstown Gas Co. v. Murphy, 39 Pa. 257; Hauck v. Pipe Line Co. Ltd., 153 Pa. 366; Keiser v. Gas Co., 143 Pa. 276; Tipping v. St. Helen's

Smelting Co., 116 Eng. Com. Law Rep. 608; Penna. Lead Co.'s Appeal, 96 Pa. 127.

Where a case of nuisance is sought to be made out, it is not a right question to put to the jury to find whether the place where the act was done was a proper and convenient one for the purpose, or whether the doing it in that place was a reasonable use by the defendant of his own land : Roskell v. Whitworth, 5 L. R. Ch. App. Cases, 459; Gullick v. Tremlett, 20 Weekly Repr. 358; Ball v. Ray, 8 L. R. Ch. App. 467; Heather v. Pardon, 37 L. T. R. 393; Sturges v. Bridgman, 11 L. R. Ch. Div. 852; Rhodes v. Dunbar, 57 Pa. 274; Huckenstine's App., 70 Pa. 102.

It is submitted that the principle applied in Gas Co. v. Murphy, 39 Pa. 257, and Hauck v. The Pipe Line Co., 153 Pa. 366, governs this case, and that the defendant is liable for the injury complained of, notwithstanding its works were erected on its own ground, in the best possible manner, and operated with the greatest care.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 11, 1897 :

Defendant company's fourth point for charge was affirmed, and all the others, containing binding instructions for defendant, were refused. In thus refusing to affirm either of the latter points, the learned trial judge was so clearly right that neither of the questions involved therein requires discussion, and they are accordingly dismissed without further comment.

In view of the testimony of plaintiff's witness, Hogan, and the admissions made on cross-examination by defendant's witness, Craig, the learned judge might well have submitted to the jury the question of defendant's negligence in the construction and operation of its machinery, and sustained a verdict on that ground; but, instead of doing so, he stated to the jury that he recalled no evidence of negligence on the part of the defendant, and proceeded to instruct them that if, in consequence of the operation by defendant of its machinery in the building, there was necessarily a special damage or injury suffered by the plaintiff, apart from what was common to the neighborhood and to people generally, the plaintiff might recover to the extent of the injury thus specially sustained. The correctness of this instruction is challenged in the seventh specification. In addi-

tion to that, the defendant demurred to the second and third counts of the statement, because neither of them contained any averment of negligence, either in the construction or operation of defendant's machinery, etc. Refusal to sustain the demurrer is the subject of complaint in the first specification.

Under that ruling and the foregoing instructions, the jury found, on quite sufficient evidence, that plaintiff was specially damaged by the operation of defendant company's machinery, and a general verdict for the amount of the damages thus sustained by him was accordingly rendered and judgment entered thereon. This necessarily involves the question of defendant's liability in the absence of evidence of actual negligence; and that is the controlling question in this case.

By its charter Act of incorporation of June 13, 1883, sec. 6, P. L. 123, the defendant company was created "for the construction and operation of motors and cables, and the necessary apparatus and mechanical fixtures for applying and operating the same." So far as relates to this case, that is the extent of its powers. Its authority to hold real and personal estate necessary for its purposes does not in any way extend its charter power or privileges, and it is conceded that it is not invested with the power of eminent domain. There is certainly nothing in its charter to relieve the defendant from liability for the special injury which the plaintiff has suffered in consequence of its operations on its own land, as determined by the verdict. As an artificial person it cannot, any more than a natural person, escape liability for special injury done to others, unless it can be shown that because it is a mere creature of the law it enjoys immunity from liability which natural persons do not; but no such proposition as that has ever been recognized in any well-considered case. No authority for it can be found in Lippincott v. Railroad, 116 Pa. 472, Railroad v. Marchant, 119 Pa. 541, or any of that line of cases. It is not only untenable in law, but it is lacking in reason. If several individuals had purchased defendant company's lot and erected thereon the machinery and appliances that it did, and had operated the same as it has done to the great and manifest special injury of the plaintiff, no one would venture to question their liability to respond in damages.

In several cases, among which are Pottstown Gas Co. v.

Murphy, 39 Pa. 257, and Hauck v. Pipe Line Co., 153 Pa. 366, it has been held that where a corporation has no right of eminent domain, the operation of its works, causing special physical injury to another's property, is virtually an actionable nuisance. The first of these was the case of an incorporated gas company, authorized to supply gas to the borough and such individuals and corporations as might desire the same; to produce, sell and distribute gas for the production of artificial light; to make and erect the necessary apparatus and manufactory introducing the same; to construct the necessary machinery; to purchase and prepare the necessary materials, with the right to enter upon any public street, lane or highway, for the purpose of laying the necessary pipes, etc. The company, having purchased real estate necessary for carrying on its business, erected its works and put them in operation. The fluids percolated through the soil from the gas works, contaminated the water in plaintiff's well, and injured his property, for which he brought suit. The defense was that the gas company being authorized by law to erect and operate its works for the purpose of manufacturing gas for the public was not responsible for the injury unless shown to have been caused by its negligence. It was held that this defense could not be sustained. Mr. Chief Justice LOWRIE, speaking for the court said: " The defendants think that as a corporation authorized by statute to carry on this business, and to purchase in fee simple such real estate as may be necessary for it, they are not answerable for such consequential damages as are complained of here. We cannot adopt this view. No such exemption is involved in the fact of incorporation, nor in the privilege of buying land. The principle they invoke applies only where a corporation clothed with a portion of the state's right of eminent domain takes private property for public use on making proper compensation, and where such damages are not part of the compensation required." This case was afterwards cited with approval and the principle thereof reaffirmed in Hauck v. The Pipe Line, supra. In the latter, the defense was that the business of the defendant company was not only lawful but it was conducted with due care, and that, in the absence of evidence that the escape of the oil was due to the negligence of the company, the latter was not liable. In holding that this defense was untenable this Court, approving and adopting that

portion of the learned trial judge's charge embraced in the tenth specification, said : " If the mere fact that the business is a lawful business and has been conducted with care would be a defense where a neighbor's land has been injured in consequence of the business carried on there, the escape of gas, for instance, or the escape of oil, the result would be that a man might lose his farm ; might be compelled to leave it, and have no compensation, simply because the business which brought about this loss was a lawful business and was carried on carefully. That is not the law. No man's property can be taken, directly or indirectly, without compensation under the law of this state. Hence there are cases, and a great many of them, where a defendant is held liable in damages although his business is lawful and he has exercised care in carrying it on."

Other authorities to the same effect might be cited, but in view of the evidence and the facts established by the verdict, enough has been said to show that the defendant company has no just reason to complain of the ruling of the learned trial judge or his instructions to the jury. Neither of the specifications of error is sustained.

Judgment affirmed.