## Wagner *v.* Purity Water Company, Appellant.

*Waters—Diversion of waters—Water company—Trespass—Eminent domain.*

An owner of a gristmill may maintain an action of trespass against a water company to recover damages for the impairment of the water supply to the mill, where it appears that the diversion of the water occurred only during four months of the year, was not a diversion of all of the water, and not of a permanent character, and that the defendant had instituted no proceedings to condemn the water. In such a case the fact that the defendant laid its pipes before the plaintiff acquired title does not defeat plaintiff's right of action.

Argued March 12, 1912. Appeal, No. 32, March T., 1912, by defendant, from judgment of C. P. Snyder Co., Dec. T., 1910, No. 13 on verdict for plaintiff in case of Charles A. Wagner v. Purity Water Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass for diversion of water. Before McCLURE, P. J.

Plaintiff presented these points:

1. If the defendant took away any of the water that formerly flowed into the plaintiff's milldam, the plaintiff is entitled to recover. *Answer:* We affirm that point. And by affirming the point, I mean that the statement of the law is correctly contained in the point. [1]

2. If the defendant took away any of the water which formerly flowed into the plaintiff's milldam and thereby

impaired the plaintiff's water power by which the machinery in his mill had been propelled, the defendant is liable to the plaintiff for the full value of the water power of which he was so deprived. *Answer:* This point is affirmed. [2]

3. If the plaintiff was deprived, by the defendant by its acts, of any of the water power by which the machinery of his mill was formerly propelled, the defendant is liable to the plaintiff in damages for the full value of the water power of which he was thus deprived; and the measure of such damages is the cost of supplying such lost power. *Answer:* We affirm that point, as we told you in the general charge. [3]

Defendant's points were as follows:

1. The presumption is, the appropriation of water by the defendant company was permanent, and the burden of showing the contrary is on the plaintiff. *Answer:* Refused. [4]

2. Under the pleadings and evidence the jury are not warranted in finding the appropriation was not permanent. *Answer:* Refused. [5]

3. If the jury find under the pleadings and evidence that the taking and appropriation of water by the defendant company were permanent, then the measure of damages, if any, is the difference in value of the plaintiff's property before and after the appropriations. *Answer:* Refused. [6]

By the Court: The first three points of the defendant are based on the proposition that the injury was permanent, etc. We refuse those three points.

6. Inasmuch as the taking or appropriation of water by the defendant company was prior to the acquisition of title to the mill by the plaintiff, and the pleadings and undisputed testimony showing that the appropriation was permanent, the right to compensation or damages, if any, was consummate and perfect before the plaintiff got title and did not pass to him with the mill, and he therefore is not entitled to recover in this action. *Answer:*

We refuse this point. That is practically asking us to say whatever right of recovery was in Fisher, who sold the mill to Mr. Wagner. We refuse this point. [9]

7. The taking or appropriation of water by the defendant company being prior to plaintiff's getting title to the mill, if the jury find from the evidence that the appropriation was permanent, then the right to compensation or damages, if any, was consummate and perfect before the plaintiff took title, and did not pass to him with the mill, and he therefore is not entitled to recover in this suit. *Answer:* Refused. [10]

Verdict and judgment for plaintiff for $227.08. Defendant appealed.

*Errors assigned* were (1–6, 9, 10) above instructions, quoting them.

*Andrew A. Leiser*, with him *Jay G. Weiser*, for appellant.—The appropriation of water by the defendant company, complained of by the plaintiff, was a permanent appropriation: Independent Natural Gas Co. v. Water Co., 210 Pa. 177; Carpenter v. Lancaster, 212 Pa. 581.

The remedy for securing compensation for injuries, if any, resulting from such appropriation, was not by an action of trespass, but by view, and this remedy was exclusive and the court was without jurisdiction in this action: Koch v. Water Co., 65 Pa. 288; Bowers v. Citizens' Water Co., 162 Pa. 9; Logan v. Gardner, 136 Pa. 588; Lewisburg Bridge Co. v. Union County, 232 Pa. 255; Pa. R. R. Co. v. Montg. County Pass. Ry. Co., 167 Pa. 62; Bradford v. Telephone & Telegraph Co., 206 Pa. 582; Jordan v. Ry. Co., 25 Pa. Superior Ct. 564.

The proper measure of damages for compensation was the difference in value of the affected property immediately before and after the appropriation, whether the remedy was by view or an action of trespass, the appropriation and injury being permanent: Carpenter v. Lancaster, 212 Pa. 581; Hankey v. Phila. Co., 5 Pa. Superior

Ct. 148; Mengell v. Water Co., 224 Pa. 120; Linton v. Armstrong Water Co., 29 Pa. Superior Ct. 172; Thompson v. Traction Co., 181 Pa. 131; Rabe v. Shoenberger Coal Co., 213 Pa. 252.

The appropriation being permanent and before plaintiff got title to the mill in question he took the same subject thereto and had no right of action: McFadden v. Johnson, 72 Pa. 335; Losch's App., 109 Pa. 72; Nittany Valley R. R. Co. v. Empire Steel & Iron Co., 218 Pa. 224.

*M. J. Potter*, with him *C. P. Ulrich*, for appellee.— The verdict of the jury in this case establishes the fact that the appellant, as an upper riparian owner, diverted the water of a stream so as to partially destroy the water power of the appellee, who was a lower riparian owner. This injury was a private nuisance and is a continuing injury: Hoffman v. Coal Co., 16 Pa. Superior Ct. 631; Hoober v. New Holland Water Co., 43 Pa. Superior Ct. 262.

But if it be conceded that the defendant company is invested with the full power of eminent domain, it was not justified in committing the injurious acts complained of in this action: Ganster v. Electric Co., 214 Pa. 628; Lord v. Water Co., 135 Pa. 122.

OPINION BY HENDERSON, J., July 18, 1912:

This is an action of trespass brought by the plaintiff to recover damages for the impairment of the water supply of his gristmill caused by the diversion of a part of the water naturally flowing into his mill pond, to a reservoir constructed by the defendant in connection with its system of pipes. The defendant is a corporation organized under the Act of April 29, 1874, P. L. 73, to furnish water to the public. In furtherance of its plans it constructed a small dam on a stream flowing into the plaintiff's pond and diverted water through a pipe to its reservoir. The effect of this as claimed by the plaintiff was that for about four months in the summer and early fall the water at the mill

was insufficient as a consequence of which he was compelled to introduce steam power for use during such periods. The defendant did not institute proceedings to condemn the plaintiff's water right nor does it appear that any effort was made to secure an agreement with him for compensation or that there was any failure to so agree. The company proceeded either on the assumption that the quantity of water withdrawn from the stream would not affect the mill or that, because it had the right of eminent domain, it was not necessary to do more than take what it wanted, leaving the party injured to such redress as he might be entitled to. The fact of the taking of the water is not denied and the verdict shows that the result of the taking was injurious to the plaintiff. The defendant says, however, that the only remedy of an owner under such circumstances is a proceeding for the assessment of damages through the appointment of viewers and that, in this case, the plaintiff is without right because he was not the owner of the premises at the time the pipe was laid which carried off the water. That a riparian owner might maintain trespass for the wrongful appropriation of a stream by a water company was expressly decided in Lord v. Water Co., 135 Pa. 122. That was the case of a water company incorporated under the act of 1874 purchasing a spring, the outflow of which was through the land of the plaintiff. The water was diverted to the defendant's reservoir for use in supplying water to the patrons of the company. The action was trespass and the decision was that the right of eminent domain with which the company was invested must be exercised according to law and that the appropriation of the spring without such precedent condemnation was illegal. Such was also the decision in Ganster v. Electric Co., 214 Pa. 628. The same question arose in Standard Plate Glass Co. v. Water Co., 5 Pa. Superior Ct. 563. In that case the water company was organized under the act of 1874, and the action was trespass by a lower riparian owner. In the opinion filed by the president of this court the subject is

fully and convincingly discussed, and a restatement of the argument and citation of authorities would be a profitless repetition.   There is a class of cases in which damages were recovered for a permanent injury by agreement of the parties as in Mengell's Exrs. v. Mohnsville Water Co., 224 Pa. 120; and another class in which the injury resulted from a occupancy of land for railway or other permanent purpose as in Thompson v. Traction Co., 181 Pa. 131, but the verdict depended in the first class on the agreement of the parties to treat the appropriation as permanent and in the other on the permanent nature of the use.   The case we have before us is not in either class.   It did not necessarily follow from the use which the defendant made of the water that the plaintiff's power would be diminished, and as a matter of fact it was only so diminished during a part of the year.   There was no notice to the plaintiff in the adoption of the plan by the defendant that the former's property would be damaged.   The company did not enter on his land nor engage in any act which necessarily implied that he would be subjected to injury. It was evident to an observer that the defendant did not propose to take all of the water from the stream, and what quantity it would take to the prejudice of the plaintiff could only be ascertained as the business was developed. Moreover, it might at any time reduce the amount taken or discontinue the use entirely during the summer months when the water was low in the stream.   The act was not of such a permanent character, therefore, as to justify the assumption that it was to be perpetual and to authorize the assessment of damages accordingly.   A permanent injury will not be presumed, and the plaintiff could only recover damages on that theory on proof that his property was permanently injured or that the condition complained of is reasonably certain to be permanent: Hoober v. New Holland Water Co., 43 Pa. Superior Ct. 262.

The contention that the plaintiff has not a right of action because the trespass was committed before he purchased the property is answered by Standard Plate Glass Co. v.

Water Co., 5 Pa. Superior Ct. 563. If there had been a condemnation of the property or a permanent appropriation by agreement with the former owner it may be assumed that the right to damages would have been in the latter, but the evidence does not supply the facts to support this position. The trespass was recurrent and out of each act of impairment of the water right arose a cause of action. When Fisher sold to Wagner, the riparian rights of the former passed to the latter. It follows that the plaintiff may maintain an action to recover damages caused by the diversion of the water for the period complained of, notwithstanding the predecessor in title might have maintained an action for the infringement of his right during his ownership.

The judgment is affirmed.