Roberts et al., Appellants, *v.* Lower Merion Township.

Argued January 17, 1939. Before Schaffer, Maxey, Drew, Linn and Stern, JJ.

*Aaron S. Swartz, Jr.,* of *High, Dettra & Swartz,* and *Victor J. Roberts,* for appellants.

*James M. Brittain,* of *MacCoy, Brittain, Evans & Lewis,* with him *John E. Forsythe, Jr.,* and *James Herbert Egan,* for appellee.

Opinion by Mr. Justice Schaffer, March 22, 1939:

Plaintiffs brought this proceeding in equity against defendant township, seeking to have an open dump on

land belonging to defendant, on which it burned refuse, rubbish and trash, declared a nuisance in fact, and for an injunction restraining the further burning of such materials on the lot, and forbidding the construction on the adjoining lot, also belonging to defendant, of an incinerator plant for the burning of such materials and garbage. After full hearing, the chancellor entered a decree nisi dismissing the bill, which action was affirmed by the court in banc and a final decree entered, from which plaintiffs appeal.

We think it not necessary to review the testimony in view of the chancellor's findings, which we will later summarize, particularly is this so in the light of our decision in *F. J. Kress Box Co. v. Pittsburgh*, 333 Pa. 121, 4 A. 2d 528, which was handed down since this case was argued. We there said: "The court below having found that the establishment of an incinerator plant, with the most approved appliances, and its normal operation, . . . is not a nuisance per se, and there being evidence upon which to base that finding, following our usual rule in cases of alleged nuisances the decree must be affirmed."

Counsel for appellants state only two questions for our consideration: (1) Does a municipal trash and garbage incinerating plant amount to a nuisance per se when located in a predominantly residential neighborhood? (2) Is the Penn Valley-Ashland Heights section of Lower Merion Township, Montgomery County, a predominantly residential neighborhood? The fact upon which these questions rest was found against appellants by the court below.

Summarized, the court's findings are as follows: Defendant, as a township of the first class, is authorized to provide for the collection and disposal, through incinerating works, of garbage, rubbish and trash. Defendant, as the owner of the premises since 1921, has until the present time used them as an open dump for the refuse and trash collected throughout the township. The

combustible refuse and trash are openly burned on the dump by caretakers employed by the township. No garbage is hauled to or deposited upon the dump. The township employed an engineering firm to prepare plans and specifications for the construction of a modern, high temperature, refuse incinerator plant, to be located on the land. The site of the dump is a deep ravine closed in by hills on three sides. The open burning of trash and rubbish on the dump creates smoke and objectionable odors and sends out small particles of the burned material. These odors, smoke and burned particles are at times carried by the wind to the homes of the plaintiffs and have caused them annoyance and inconvenience. The annoyance is not constant but is intermittent. The dump has depreciated to some extent the value of the property in the immediate vicinity. The plaintiffs and others have made complaint to the township commissioners about the dump. The commissioners have improved conditions materially and now the dump is conducted as well as any open one can be. The proposed incinerator is designed to consume both trash and garbage to the extent of 75 tons a day, with the possibility of increase to 150 tons, but in the immediate future no garbage will be incinerated. The incinerator will not depreciate the value of property in the immediate vicinity now affected by the dump. The proposed plant is of the latest design and must be guaranteed by the manufacturer to operate without objectionable odors, fly ash, sparks or dust, if proper mixtures are maintained in the materials burned. If erected according to the plans and specifications, it will eliminate most of the objectionable odors, fly ash, sparks and dust now emanating from the open fires of the dump. There may be at times some smoke and dirt emanating from the burning of rubbish in the incinerator, but it will not constitute a nuisance under normal operation in the proposed location. The inhabitants of the village of Ashland Heights, where some of the plaintiffs live, will not be affected by odors

and smoke from the incinerator. In the immediate neighborhood of the dump and proposed incinerator are fields, wooded hills and property containing considerable acreage. The land is undeveloped and is rural rather than residential in character. The dump as now oper- ated does not constitute a nuisance in the locality in which it is situated, and the incinerator plant, if erected in accordance with the plans and specifications, under normal operation, will not constitute a nuisance.

The chancellor summed up his discussion by the state- ment: "The chancellor is firmly of the opinion, that the incinerator, if built, will eliminate most, if not all, of the nuisance features now associated with and charged to the dump." Speaking generally, the court in banc said: "The incineration of garbage and rubbish is the most modern, effective and approved method of disposing of these unavoidable and undesirable concomitants of mod- ern life. The number of plants is constantly increasing, and the plants themselves have been developed to the point where almost all of the nuisance elements of an open fire dump, have been eliminated. We are convinced by the weight of the evidence, that practically all of the discomforts and annoyances of which the plaintiffs now complain, will be eliminated by the proposed incinera- tor. The accomplishment of this purpose is one, if not the principal reason for spending the public money, in erecting the proposed plant. . . . The new project should increase and not depreciate the value of the sur- rounding property."

On these findings, which there is ample evidence in the record to support, the decree must be affirmed under our opinion in the Kress Box case. If the operation of the plant does become a nuisance in fact, appellants will have their remedy, which our present ruling does not foreclose.

Decree affirmed at appellants' cost.