## Berish et al. v. City of Bethlehem

*Milton J. Goodman* and *Everett Kent,* for plaintiffs.
*D. L. McCarthy,* for defendant.

BARTHOLD, P. J., June 26, 1950.—Plaintiffs instituted an action in trespass against the City of Bethlehem for damages resulting from the maintenance of a nuisance, viz., a garbage and refuse dump on city property adjoining plaintiffs' home. The jury returned a verdict in favor of plaintiffs for $2,500. Defendant filed a motion for judgment n. o. v. No complaint is made that the trial court erred in the charge to the jury or in ruling upon evidence.

It is stated in defendant's brief that: "The sole question before the court is the right of the plaintiffs to bring an action in trespass against the defendant to recover monetary damages because of the alleged negligence of the employes of the city in the performance of a governmental function. It is the contention of the defendant that the City of Bethlehem is not responsible in damages for the negligence of its employes in the performance of a governmental function and that the remedy of the plaintiffs is an action in equity to restrain the defendant from committing a nuisance to the detriment of the plaintiffs."

This conception of the issues involved indicates that counsel for defendant has misconstrued the nature of plaintiffs' case. The case was pleaded and tried upon the theory that the city maintained a nuisance on its property to the damage of plaintiffs and their adjoining property. It is not a suit against a municipality based upon the negligence of its employes. It is an action in trespass for damages grounded upon the "absolute nuisance doctrine": University of Penna. Law Rev., vol. 95, note p. 781. These differentiations were made in the early stages of this suit when defendant's preliminary objections to the complaint were dismissed: Berish et ux. v. City of Bethlehem, 31 North. 372, 374, Frack, J. (Cf. Kramer, Admr., v. Pittsburgh Coal Co., 341 Pa. 379).

Defendant's contentions are wholly without merit.

It is well established law in Pennsylvania that where defendant engages in what is denominated as a non-natural use of his land, the question of liability hinges not upon negligence but nuisance: Pottstown Gas Co. v. Murphy, 39 Pa. 257. There are many cases where the courts have imposed liability for injury to land resulting from smoke fumes,[1] oil seepage,[2] or where a neighbor's enjoyment of his land is made impossible by vibrations[3] and "noisome" smells.[4] In all of these cases liability has been imposed on the theory that "it is not a question of negligence but of nuisance": Pottstown Gas Co. v. Murphy, supra. The same theory has been applied in cases involving municipalities. Although municipalities enjoy special immunities from the consequences of the torts of their employes committed in the performance of what have been described as governmental or sovereign functions, such immunity does not extend to cases of nuisance as distinguished from negligence.

"The municipal corporation owning and occupying property for public purposes is as much subject as a private citizen to the usual rule, sic utere tuo ut alienum non laedas:" Shuter v. Philadelphia, 3 Phila. 228 (Sharswood, J.).

". . . in the class of cases to which the present belongs, injuries arising from the misuse of land, there has never been any substantial hesitation in holding cities liable. The ownership of property entails certain

[1] Thompson v. American Steel & Wire Co., 317 Pa. 7; Procz et al. v. American Steel & Wire Co. of N. J., 318 Pa. 395; Green v. Sun Co., 32 Pa. Superior Ct. 521; Burkhardt et ux. v. American Steel & Wire Co., 74 Pa. Superior Ct. 437.

[2] Gavigan v. The Atlantic Refining Co., 186 Pa. 604; Hauck v. Tidewater Pipe Line Co., Ltd., 153 Pa. 366.

[3] Ganster v. Metropolitan Electric Co., 214 Pa. 628; Rogers v. Philadelphia Traction Co., 182 Pa. 473.

[4] Siwak et ux. v. Borough of Rankin, 72 Pa. Superior Ct. 218.

burdens, one of which is the obligation of care that it shall not injure others in their property or persons, by unlawful use or neglect. This obligation rests, without regard to personal disabilities, on all owners alike, infants, femes covert, and others, by virtue of their ownership, and municipal corporations are not exempt": Briegel v. Phila., 135 Pa. 451, 458, 459.

"It is the settled law in this Commonwealth that the State is not liable for the torts of its officers and employees in the absence of a statute assuming or imposing such liability: Collins v. Com., 262 Pa. 572; and this immunity from liability for the negligence of its officers, etc., extends also to agencies, instrumentalities or subdivisions of the State when in the exercise of public or governmental powers or in the performance of public or governmental duties; . . . . On the other hand, it has been held that *this immunity, as respects governmental agencies, does not extend to cases of nuisance*, as distinguished from negligence, and '*the fact that property is owned and controlled by a municipal or quasi municipal corporation* or public charity, *does not authorize the owner to maintain upon it a nuisance injurious to surrounding property, nor exempt such owner from liability to one who has suffered special injury from such nuisance*': Rosenblit v. Phila., supra, p. 598; Briegel v. Phila., 135 Pa. 451. In such cases the doing of the wrongful act causes direct injury to the property of another outside the limits of the public work: Hill v. Boston, supra, p. 358; not consequential, such as follows a purely negligent act or omission": Brinton v. School Dist. of Shenango Twp., 81 Pa. Superior Ct. 450, 451, 452 (Italics supplied.) See also Honaman et al. v. Phila., 322 Pa. 535, 539; Matthews v. Plum Township & School District, 152 Pa. Superior Ct. 544, 550; Berish et ux. v. City of Bethlehem, supra; Zellman et al. v. City of Phila., 17 D. & C. 493 (dictum of Stern, P. J.).

The foregoing principles were applied by the Superior Court of Pennsylvania in Siwak et ux. v. Borough of Rankin, supra, in an action of trespass against a borough owning and operating an incinerating plant for the purpose of disposing of the refuse, waste, etc., of the borough. An action in trespass for nuisance was brought to recover damages for the injurious use of the plant for garbage disposal purposes in such a manner as to render dwellings of plaintiffs uninhabitable and dangerous to the health of the occupants by reason of the noxious and offensive vapors and stenches emitted from the garbage plant. The trial resulted in a verdict for plaintiffs for $700. Defendant appealed, assigning as error the refusal of defendant's motions for new trial and for judgment n. o. v. The Superior Court held:

"The right of the borough to build and operate an incinerating plant is not challenged, and the only question involved is whether the operation of this furnace was a nuisance and maintained as such to the plaintiffs' injury. . . .

"It was not necessary for the plaintiff to show that the business of the defendant was carried on recklessly or not properly managed. His case was made out if he showed that the defendant's business, though lawful in itself, was carried on clearly to his injury,—this is the standard established in this State in many of our decisions: Farver v. American Car Co., 24 Pa. Superior Ct. 579; Stokes v. P. R. R. Co., 214 Pa. 419; Evans v. Fertilizing Co., 160 Pa. 209. And whether it was a nuisance, and the danger therefrom real and substantial, the court could do no other than submit it, on the evidence to the jury. The defendant's plant was not a nuisance per se; whether it was a nuisance at all depended on the proof; whether plaintiffs' evidence established the fact could not be determined by the court: . . . ."

This holding of the Superior Court is, in our opinion, directly in point and is decisive against the contentions advanced by defendant in the instant case.

The law of Pennsylvania in this class of cases is in accord with the great weight of authority. "Provided that in discharge of such duty no nuisance is created, . . . the cleaning of streets by flushing them or otherwise, the removal of dirt and ashes by wagons or motor vehicles, and the maintenance and care of dumps, are held to be in some jurisdictions governmental duties so as to preclude a recovery against the municipality for negligence in connection therewith. . . .:" 18 McQuillin Municipal Corporations, 3rd Ed., §53.46 p. 263.

"Nor can the municipality itself create and maintain a nuisance which results in injury to person, or inflicts or involves damage to private property, without subjecting itself to civil liability for its wrongful and unlawful act. This is true . . . regardless of the fact whether or not the thing done or omitted resulting in the nuisance constituted negligence; and moreover the municipality cannot escape liability on the ground that in performing the work the municipality was exercising a governmental function:" 18 McQuillin Municipal Corporations, 3rd Ed., §53.49, p. 280.

"It has frequently been laid down as a broad, general rule that a municipal corporation has no more right than a private corporation to create or maintain a nuisance, and that an action lies against a municipality for injuries occasioned by a nuisance in any case in which, under similar circumstances, such an action could be maintained against a private corporation. According to many authorities, where a municipal corporation creates or permits a nuisance by nonfeasance or misfeasance, it is guilty of tort and, like a private corporation or individual and to the same extent, is liable for damages in a civil action to any person suf-

fering special injury therefrom, irrespective of the question of negligence; such liability cannot be avoided on the ground that the municipality was exercising governmental powers. Some courts take the view that this rule should not be classed as an exception to the rule exempting a municipality from liability for negligence, for, strictly speaking, common-law negligence does not enter into cases of true nuisance:" 38 Am. Jur. 355, 356, §647.

"While under the majority rule a municipality is not liable for negligence in collecting and disposing of garbage and refuse, it is liable in any event if the disposition of such material amounts to the creation of a nuisance, and the denial of a right of recovery for an alleged injury upon the theory of tort does not militate against the right of recovery for the taking or appropriating, in whole or in part, of property for a public use without due compensation. For example, the depreciation in the value of property adjoining dumping grounds or an incinerator, resulting from such use, amounts to a taking of property without compensation for which the municipality is liable:" 38 Am. Jur. 312, §614.

Defendant's contention that "the (sole) remedy of the plaintiffs is an action in equity to restrain the defendant from committing a nuisance to the detriment of the plaintiffs" is also untenable. The cases already cited indicate that both remedies are available and that they are not mutually exclusive. The remedies differ in several important respects.

"Considerations often enter into the determination of the right to an injunction that are inapplicable or have less weight in determining the right to damages. It is one thing to say that a defendant should pay damages for the harm his factory is causing, but it is a different thing to say that he must close his factory if the harm cannot be stopped. For the purpose of deter-

mining liability for damages for private nuisance, conduct may be regarded as unreasonable even though its utility is great and the amount of harm is relatively small. But for the purpose of determining whether the said conduct should be enjoined, additional factors must be considered. It may be reasonable to continue an important activity if payment is made for the harm it is causing, but unreasonable to continue it without paying. Thus, denial of relief by way of injunction is not always a precedent for denial of relief by way of damages. Consequently, liability for damages should be separately dealt with:" Vol. LIV Dickinson Law Review (Jan. 1950), p. 112. (Article by Hon. Charles E. Kenworthey, formerly Judge of the Superior Court of Penna.)

Counsel relies on the case of Roberts et al. v. Lower Merion Township, 333 Pa. 333, in which case plaintiffs brought a proceeding in equity against defendant township seeking to have an open dump on land belonging to defendant declared a nuisance in fact and for an injunction restraining the burning of rubbish and refuse on a lot and forbidding the construction of an incinerator plant for the burning of refuse and garbage. The Supreme Court held that there was evidence to sustain the findings of the court below that the establishment of an incinerator plant with the most approved appliances and its normal operation would not constitute a nuisance per se. The case does not hold that an injunction would not have issued had the evidence established a nuisance in fact. Since the case was one in equity for an injunction, it has little or no application to the instant case which is an action in trespass for injuries caused by the maintenance of a nuisance.

Counsel also relies on the case of Scibilia v. Philadelphia, 279 Pa. 549, wherein a plaintiff, while standing at the side of a street in Philadelphia, was injured

by a truck, the property of the city, loaded with ashes and operated by one of the employes of the bureau of streets, the vehicle being engaged at the time in conveying the ashes from a "centralization plant" of the municipality to one of its dumps. The court held that the gathering and disposal of refuse and ashes is primarily a health measure, and hence, a public or governmental measure within the police power, and absolves the city from liability for injuries caused by one of its employes while in the performance of such public duty. The court, however, at page 556, noted that there are marked exceptions to this rule, "such as the highway, public works and nuisance cases." While this case definitely holds that the gathering and disposal of refuse and ashes constitutes a governmental function, there are several recent cases in the appellate courts which, in our opinion, indicate a trend away from the limited liability rule in cases involving municipalities. In Krepcho et ux. v. Erie et al., 145 Pa. Superior Ct. 417, the Superior Court indicated that the City of Erie was engaged in a proprietary function rather than a governmental function in operating a sewage disposal plant. In F. J. Kress Box Company et al. v. Pittsburgh et al., 333 Pa. 121, 122, the Supreme Court held that "the erection and operation of the incinerator plant by the city was in its proprietary capacity." In the case at bar it was not necessary for us to decide the question as to whether the municipality was engaged in a governmental function, for as we have already amply indicated, it is settled law that a municipality cannot escape liability resulting from the maintenance of a nuisance on the ground that in doing so it was exercising a governmental function.

We are firmly convinced that defendant's motion for judgment n. o. v. must be refused.

*Order*

And now, June 26, 1950, motion for judgment n. o. v. is refused and rule discharged, and judgment is directed to be entered on the verdict in favor of plaintiffs, upon payment of the jury fee, and the evidence taken upon the trial is certified and filed and made a part of the record.