Pappas *v.* Local Joint Executive Board, Appellant.

Argued April 15, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.
Appeal, No. 162,

*I. Herman Stern,* for appellant.

*Meyer E. Maurer,* with him *Nissenbaum & Maurer,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 25, 1953:

Defendant union is appealing from the refusal of the court below to dissolve an injunction entered against it some nine years ago.

Plaintiffs conduct a so-called "Midway Restaurant" at 3163-3165 Kensington Avenue, Philadelphia, and a

"DeLuxe Lunch" at 3153 Kensington Avenue; at the former place they hold a retail liquor license. Defendant is an unincorporated labor union and is the parent body for local unions in the hotel, restaurant and bartender crafts in Philadelphia; it comprises a membership of seven independent autonomous craft unions affiliated with the Hotel and Restaurant Employees International Alliance and Bartenders League of America; three of these craft unions are The Bartenders Union, Local No. 115, the Waiters and Waitresses Union, Local No. 301, and the Cooks, Chefs and Pastry Cooks Union, Local No. 111.

In November, 1943, the Joint Board, the Waiters and Waitresses Union, Local No. 301, and the Cooks, Chefs and Pastry Cooks Union, Local No. 111—but not the Bartenders Union Local No. 115—began picketing the Midway Restaurant and the DeLuxe Lunch. Plaintiffs filed a bill in equity for an injunction which the court granted by final decree in November, 1944, restraining the Joint Board and Locals 301 and 111 from picketing plaintiffs' two establishments. In September, 1950, defendant filed a petition praying that the injunction be vacated and the bill of complaint dismissed. The court denied such relief but, instead, entered an amendatory decree which modified the original in some respects. Defendant appeals.

The 1943 picketing had been expressly enjoined on two grounds: (1) that it was attended by violence, and (2) that its object was to coerce plaintiffs into forcing their employes to join the union. Unquestionably, either or both of those grounds justified the court in forbidding the continuance of such unlawful practices: *Wortex Mills Inc. v. Textile Workers Union of America, C. I. O.,* 369 Pa. 359, 85 A. 2d 851; *Garner v. Teamsters, Chauffeurs and Helpers, Local Union No. 776,* 373 Pa. 19, 22, 94 A. 2d 893, 895, 896. However, picketing carried on solely for organizational purposes, that is, to

persuade non-union employes of an establishment to join the union, is constitutionally protected and therefore cannot properly be enjoined: *Carnegie-Illinois Steel Corp. v. United Steelworkers of America*, 353 Pa. 420, 430, 431, 45 A. 2d 857, 861; *Garner v. Teamsters, Chauffeurs and Helpers, Local Union No. 776*, supra, pp. 21, 22, A. 2d p. 895. Accordingly, defendant urges that if, at any time in the future, it should desire to institute a picketing of the restaurants for that purpose, it would be in contempt of the injunction now in force against it because even the amended decree, while permitting defendant to "solicit" plaintiffs' employes to become members of defendant's affiliated unions, grants that permission only "subject to the limitations hereinbefore prescribed," one of which is that defendant and its affiliated unions are enjoined from all picketing and patrolling of plaintiffs' premises.

Defendant is entitled to a dissolution of the injunction. In *Tamagno v. Waiters and Waitresses Union*, 373 Pa. 457, 96 A. 2d 145, recently decided, we held, under the circumstances there present, that the court erred in not dissolving an injunction which had been entered two years before. We pointed out, citing *Ladner v. Siegel (No.4)*, 298 Pa. 487, 500, 148 A. 699, 703, and *Milk Wagon Drivers Union of Chicago, Local 753, v. Meadowmoor Dairies, Inc.*, 312 U. S. 287, 298, that an injunctive decree does not give to the complaining party a perpetual or vested right therein, that such a decree is an ambulatory one which is affected by the march of time and the nature of the proceeding, and that an injunction against picketing because of its being attended by violence is justified solely by reason of that fact and only so long as it counteracts a continuing intimidation. The controlling question is whether there is any reasonable ground to believe that the illegal practices which led to the original entry of the injunction will be repeated if the injunction be dissolved. In

the present instance there would not seem to be any basis whatever for such apprehension. The parties have agreed, and the court below found, that from the time the final decree was entered in 1944 until the present neither the defendant nor any of its affiliated unions have engaged in any disorder, acts of violence, or threats thereof, have attempted to coerce plaintiffs into requiring their employes to become members of a union, have made any demands upon plaintiffs as to conditions of employment or to represent their employes, or have presented any contract for a collective bargaining agreement with respect to such conditions or representation. It is true that in June, 1950, a dispute occurred between plaintiffs and Bartenders Union Local No. 115 (which was not a defendant in the original proceedings nor enjoined in the original decree) as to whether a bartender whom the plaintiffs had discharged was entitled to one or to two weeks vacation and severance pay. In connection with that controversy pickets from the Bartenders Union appeared for a day or two at the Midway Restaurant where plaintiffs conduct a bar. Because of this, plaintiffs filed a petition to have not only the Bartenders Union but the defendant Board and local unions, Nos. 111 and 301, held in contempt; the petition, however, was withdrawn by agreement of the parties and the picketing was discontinued without prejudice to defendant's right to request the vacation of the final decree. It is clear, therefore, that this episode has no relevance, legal or otherwise, to the present situation.

We are of opinion that, as we held in the *Tamagno* case, defendant is justified in its contention that the injunction should not be held over it forever as a continuing threat against any future assertion of its constitutional right peacefully to picket should a new occasion arise to justify such action.

The amended decree is reversed and the record is remanded to the court below with direction to make ab-

solute defendant's rule to show cause why the final decree entered on November 27, 1944, should not be dissolved and the complaint dismissed. The parties to bear their respective costs.

———

DISSENTING OPINION BY MR. JUSTICE BELL:

Because of threats and violence, appellant admits, as it must, that the Local Joint Executive Board of Philadelphia and its affiliated unions were properly enjoined from picketing plaintiffs' places of business and from threatening plaintiffs' employees: *Allen-Bradley Local v. Wisconsin E. R. Board,* 315 U.S. 740; *Milk Drivers Union v. Meadowmoor,* 312 U. S. 287; *Westinghouse Electric Corp. v. United Electrical Union,* 353 Pa. 446, 46 A. 2d 16; *Carnegie-Illinois Steel Corp. v. U.S.W. of A.,* 353 Pa. 420, 45 A. 2d 857; *Wortex Mills v. Textile Workers Union,* 369 Pa. 359, 85 A. 2d 851; see also *N.L.R.B. v. Fansteel Corp.,* 306 U.S. 240; *Auto Workers v. Wisconsin Board,* 336 U.S. 245, 265; *Hughes v. Superior Court of California,* 339 U.S. 460, 464-466; *Bakery & Pastry Local v. Wohl,* 315 U.S. 769, 775-776.

"The power and the duty of the State to take adequate steps to preserve the peace and to protect the privacy, the lives and the property of its residents cannot be doubted": *Thornhill v. Alabama,* 310 U.S. 88, 105; *Carlson v. California,* 310 U.S. 106, 113.

Defendants sought in the present proceedings a vacation of the decree of the Court of Common Pleas which was entered in 1944. Instead of vacating, the lower Court amended its original decree. What are the respective rights of the union and of those persons whom it threatened and unlawfully injured?

The field of industrial relationships and rights is so new and fluctuating that its boundaries are not yet clearly defined and its guideposts are few. While picket-

ing is in some respects a form of speech, free speech and peaceful picketing are not synonymous, nor is picketing the actual or legal equivalent of free speech: *Hughes v. Superior Court of Cal.*, 339 U.S. 460; *Bakery & Pastry Drivers v. Wohl*, 315 U.S. 769, 775, 776; *Wilbank v. Bartenders Union*, 360 Pa. 48, 60 A. 2d 21; *Wortex Mills v. Textile Workers Union*, 360 Pa. 359, 85 A. 2d 851. It is hornbook law that even "freedom of speech" can be abused or limited or restrained or punished: *Wortex Mills v. Textile Workers Union*, 369 Pa., supra; *Kovacs v. Cooper*, 336 U.S. 77; *Commonwealth v. Geuss*, 168 Pa. Superior Ct. 22, affirmed in 368 Pa. 290. The question (here involved) of termination or modification of a restraining order is not a one-way street. For example, in the converse situation—where a company sought a termination of a cease and desist order because of the same change of circumstances here alleged, namely (1) lapse of time; (2) a compliance with and good behavior since the entry of the order or decree; and (3) a change of union—the Supreme Court of the United States enforced and refused to terminate the desist order: *N.L.R.B. v. Pennsylvania Greyhound Lines*, 303 U.S. 261; *N.L.R.B. v. Mexia Textile Mills*, 339 U.S. 563; *N.L.R.B. v. Pool Mfg. Co.*, 339 U.S. 577.

A Court of Equity has the right and the discretionary power to vacate or modify an injunctive decree where the facts and circumstances have so changed as to make it just and equitable to do so and there is no longer any reasonable likelihood of a recurrence of the violence which induced the injunction: *Ladner v. Siegel*, 298 Pa. 487, 148 A. 699; *Milk Drivers Union v. Meadowmoor Dairies*, 312 U.S. 287; 43 C.J.S., Injunctions, §218, p. 956.

In the *Milk Drivers Union* case Mr. Justice FRANKFURTER, speaking for the Court, said (pages 294, 295, 298): "No one will doubt that Illinois can protect its storekeepers from being coerced by fear of window-

smashings or burnings or bombings. And acts which in isolation are peaceful may be part of a coercive thrust when entangled with acts of violence. The picketing in this case was set in a background of violence. *In such a setting it could justifiably be concluded that the momentum of fear generated by past violence would survive even though future picketing might be wholly peaceful.** So the supreme court of Illinois found. We cannot say that such a finding so contradicted experience as to warrant our rejection. *Nor can we say* that it was written into the Fourteenth Amendment *that a state through its courts cannot base protection against future coercion on an inference of the continuing threat of past misconduct.* Cf. Ethyl Gasoline Corp. v. United States, 309 U.S. 436.

. . .

". . . The Fourteenth Amendment still leaves the state ample discretion in dealing with manifestations of force in the settlement of industrial conflicts. . . . To deny a state the right to a judgment which the National Labor Relations Board has been allowed to make in cognate situations, would indeed be distorting the Fourteenth Amendment with restrictions upon state power which it is not our business to impose. A state may withdraw the injunction from labor controversies but no less certainly the Fourteenth Amendment does not make unconstitutional the use of the injunction as a means of restricting violence. We find nothing in the Fourteenth Amendment that prevents a state if it so chooses from placing confidence in a chancellor's decree and compels it to rely exclusively on a policeman's club.

. . .

"(3) The injunction which we sustain is 'permanent' only for the temporary period for which it may last. It is justified only by the violence that induced it and

---

* Italics throughout, ours.

only so long as it counteracts a continuing intimidation. Familiar equity procedure assures opportunity for modifying or vacating an injunction when its continuance is no longer warranted."

The majority rely upon *Tamagno v. Waiters Union*, 373 Pa. 457, 96 A. 2d 145. That case, decided by a divided Court, was expressly based upon and justified by the very unusual facts there present; it lends neither support nor precedent for the establishment of a rule that mere passage of time plus compliance with a Court's valid and just decree are sufficient to enable a union to obtain the vacation of such decree, and certainly not in the teeth of a chancellor's finding that the facts and circumstances do not justify a vacation.

The amended decree entered by the lower court permits defendants to solicit membership in and peacefully persuade the employees to join their unions; it is not clear whether defendant and its affiliated unions are hereafter restrained from peacefully picketing plaintiffs' premises for organizational purposes; if it so provides, it should be modified; if not, it should be clarified so as to clearly permit peaceful picketing solely for organizational purposes. The amended decree as thus modified or clarified would give the union exactly what it asked in its oral argument, viz., an opportunity and a right to peacefully picket for the purpose of peacefully persuading the men and women employees to join their union. The amended decree continues to enjoin threats, molestation and violence—a protection which the employees feel is still necessary and to which the lower court feels they are entitled.

The action of the lower court in vacating or modifying, or refusing to vacate or modify, its decree should be reversed by an appellate Court only for an abuse of discretion, or where there is no adequate evidence to support the chancellor's findings; and with the amendment or clarification hereinabove set forth no abuse of

discretion or reversible error was proved by these appellants. *Kress Box Co. v. Pittsburgh,* 333 Pa. 121, 4 A. 2d 528; *Roberts v. Lower Merion Township,* 333 Pa. 333, 5 A. 2d 106; Cf. *Deviney v. Lynch,* 372 Pa. 570, 94 A. 2d 578; *Dearnley v. Survetnick,* 360 Pa. 572, 63 A. 2d 66; *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691.

Since the union alleges it has no desire or intention to employ threats or violence, it seems to me that the amended decree with the above modification or clarification deprives no party of any rights and gives to each party the rights and protection to which it or they are entitled. Could anything be fairer?

For these reasons I would affirm the amended decree of the lower court as hereinabove modified or clarified.