## Willcox Estate

*Robert B. Greer, Mark Willcox, Jr.,* and *Phillip A. Bregy,* for appellant.

*Donald M. McCurdy, Vincent X. Yakowicz, Deputy Attorney General,* and *Walter E. Alessandroni, Attorney General,* for Commonwealth.

VAN RODEN, P. J., April 7, 1964.—This is an appeal from an inheritance tax appraisement with respect to the remainder interest in decedent's estate.

Decedent died January 21, 1930. By his will, duly admitted to probate, he provided that the income from his residuary estate should be paid to his mother during her lifetime and that, after her death, the income should be paid in certain designated shares to his brother and sister and their issue until the expiration of the period allowed by the rule against perpetuities, at which time the principal is to be distributed to the income beneficiaries, all as more fully set forth in said will.

Decedent's mother died on August 4, 1946. His brother predeceased the mother. Decedent's sister died September 12, 1962, and the trust continues for the

benefit of the issue of the deceased brother and sister.

After decedent's death, the Commonwealth appraised the value of the mother's life estate and other bequests immediately subject to tax. The inheritance tax due with respect thereto, in the amount of $3,827.-76, was paid on December 31, 1930, as evidenced by receipt no. 2264. In addition thereto, a partial prepayment of tax on the remainder interest was paid in the amount of $8,626, as evidenced by receipt no. 2263.

After the death of decedent's sister, the trustees proposed to pay the tax on all present and future interests. Such prepayment was authorized by adjudication of this court dated June 28, 1963.

However, a dispute has arisen between the trustees and the Commonwealth with respect to the method of computing the balance of tax due. The dispute concerns the proper credit to be given for the partial prepayment of tax on the remainder interest heretofore made.

The appraisement of the residuary estate filed by the Commonwealth appraisers at the time of decedent's death indicated the following valuation:

Life estate in mother ............ $156,727.00
Remainder interests ............. 387,088.00

Total ......................... $543,815.00

The aforementioned official receipts of the Commonwealth indicate that the inheritance tax was paid in full on the life estate, plus the additional sum of $8,626.70, representing payment of tax on a portion of the remainder interest having a date of death value of $86,287.00, or 21.82 percent of the total value of the remainder as determined by the Commonwealth appraisers as of the date of decedent's death.

It is the contention of counsel for the trustees that the tax situation after payment of taxes at the time of decedent's death may be described as follows:

*"21.82 percent of residue:*

| | | |
|---|---|---|
| Value of life estate .. | $34,928. | Tax paid |
| Value of remainder .. | 86,267. | in |
| | | full |
| Total .............. | $121,195. | |

*78.18 percent of residue:*

| | | |
|---|---|---|
| Value of life estate .... | $121,799. | Tax paid |
| Value of remainder .. | 300,821. | on life |
| | | estate only. |
| Total .............. | $422,620. | |

Counsel for the Commonwealth take the position that the increase in the value of the principal of the residue, from a 1930 value of $543,815 to a 1962 value of $1,127,130, cannot be ignored, and that the tax on the remainder must be computed on the 1962 appraisement of the entire remainder interest. It is further the position of the Commonwealth that the 1930 prepayment of a portion of the tax on the remainder interest was not, in fact, a prepayment at all, but merely a deposit with the Commonwealth of $8,626, which it has retained in safekeeping for the trustees for over 30 years without interest. The Commonwealth, therefore, now proposes to impose a tax as if no prepayment of remainder tax had been made, simply giving a dollar credit without interest for the deposit of $8,626.00.

In short, the trustees contend that they have already paid the taxes in full on 21.82 percent of the residuary estate and now propose to pay all the taxes due on 78.18 percent of the residue at its current valuation. The Commonwealth, on the other hand, proposes to tax 100 percent of the residue at its current value, giving credit for payment of $8,626.70 heretofore paid.

The statute governing this case is article 1, sec. 3, of the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2304, which provides that the tax on a future

interest is not payable "until the person liable for the same shall come into actual possession of such estate by the termination of the estates for life or years", but further provides that ". . . the owner may pay the tax at any time prior to his coming into possession. In such cases the tax shall be assessed on the value of the estate at the time of the payment of the tax, after deducting the value of the life-estate or estates for years".

When the remainder tax is prepaid prior to actual possession, the Commonwealth cannot impose a further tax after the life tenant's death merely because the estate has increased in value: DeBorbon's Estate, 211 Pa. 623 (1905).

In discussing the theory of the above-quoted statute, the Supreme Court of Pennsylvania said in Heberton Estate, 351 Pa. 564, 568 (1945):

"This protects the remaindermen against inflationary rises in values and enables them to fix with finality the amount of their tax liability without being compelled to speculate on future economic developments. At the same time, if the tax is paid before the remaindermen come into actual possession, the Commonwealth is protected against future drastic reduction of the value of the corpus . . ."

The real question to be decided is whether such prepayment must be of the *entire* tax in order to realize the statutory benefits of prepayment. The Commonwealth contends that such prepayment must be of the entire tax or none at all, and that any payment made on account of a tax to be imposed in the future on the remainder interest does not constitute prepayment of a portion of the tax, but merely a deposit in anticipation of future tax liability. The trustees' argument is that there is no statutory authority for the Commonwealth accepting what is offered as a prepayment and keeping it as a deposit without interest, for which a

dollar credit will be allowed when the remainder comes into actual enjoyment; and that, therefore, a partial prepayment must be considered as prepayment in full on that fractional share of the corpus which the prepayment bears to the entire tax if prepaid in full. This would mean, in the instant case, that the tax on 21.82 percent of the remainder has therefore been paid in full, leaving 78.18 percent of the remainder to be taxed at current values as of date of payment.

It seems to this court that the fallacy in appellant's argument is that, although the statute permits prepayment of the remainder estate, the trustees did not, in fact, ever make an election to prepay the remainder. The real motive of the trustees in making the payment of $8,626.70 on December 31, 1930, may be indicated by a letter dated October 23, 1930, from the attorney who was then counsel for the estate, stating as follows:

"We shall want to pay something more than the tax immediately due so as to get the benefit of the eighty percent clause in the U. S. Estate Tax law . . ."

Accordingly, this court finds that the prepayment of $8,626.70 was made for the purpose of taking advantage of the available Federal credit for State death taxes and not for the purpose of electing to prepay in full the tax on the remainder or any particular fractional share thereof.

It follows that the Commonwealth is justified in making an appraisement of the entire remainder at current values. However, it would be unconscionable to hold that the Commonwealth may credit against the tax assessed on the entire remainder interest appraised at current values merely the dollar amount of the prepayment. For more than 30 years, the Commonwealth has had the advantage of the prepayment of $8,626.70 and the estate has been deprived of benefit and income therefrom. If an inheritance tax is not paid when due, the Commonwealth imposes a penalty equivalent to

interest charges. Justice and equity require that where there has been a prepayment of part, but less than all, of the tax due at some future date, the taxpayer should be entitled at the time of final assessment to credit not only for the dollar amount of the prepayment, but also interest thereon. If the Commonwealth is unwilling to credit interest on partial prepayments of taxes due in the future, it can control the situation by refusing to accept less than full prepayment. The taxpayer may elect to make prepayment in full, pursuant to the statute, and the Commonwealth may elect whether or not to accept a partial prepayment. If accepted, the taxpayer should be entitled to credit not only for the dollar amount of the prepayment, but also interest computed for the period from date of prepayment to date of final payment; if refused, the taxpayer has the choice of making full prepayment or deferring payment until final appraisement, with use of the funds in the interim.

A further complication in the instant case is that upon the death of decedent's mother in 1946, a tax on the succeeding life estates became due, but, because of an oversight, remained unpaid until 1962, at which time the 1946 tax and interest, as computed by the estate, was paid in two installments totaling $52,-265.23. This raises the question whether the taxable value of a future remainder interest should be computed upon the gross value of the estate at the time of the payment of the tax or whether the amount of tax liability on the preceding life estates should be deducted from the gross value of the remainder estate. This question would seem to be answered by Pickering Estate, 410 Pa. 638 (1963), where decedent's will contained a tax clause similar to the one in this decedent's will. In the Pickering case, the executors paid the Pennsylvania tax on the life estate and the Federal estate tax promptly. Four years later, they decided

to prepay the tax on the remainder. The Supreme Court held that the remainder tax must be calculated on the values as of date of payment, after deducting the payment of the Pennsylvania tax on the life estate and payment of the Federal estate tax. The Supreme Court rejected the Commonwealth's contention that these liabilities should be added back to the value of the estate. In the instant case, in order to determine the current value of the remainder interest for inheritance tax purposes, the Commonwealth must allow credit for tax liabilities relating to the life estates as well as for other proper debts and deductions.

Accordingly, the court enters the following

*Decree*

And now, to wit, April 7, 1964, the above matter having come on to be heard on petition, answer, stipulation of facts, and written briefs and oral argument thereon, and after full and careful consideration, it is ordered, adjudged, and decreed as follows:

1. The appeals of the First Pennsylvania Banking and Trust Company and Lalite P. Lewis, trustees under the will of J. Keating Willcox, deceased, from appraisements for transfer inheritance tax purposes, made by the Commonwealth's appraiser on March 28, 1963, as of August 4, 1946, and September 12, 1962, are sustained to the extent indicated herein and otherwise disallowed and dismissed.

2. The Inheritance Tax Department of the Commonwealth of Pennsylvania is hereby directed to base its appraisement for inheritance tax purposes on the net current value of the entire remainder interest, after deducting the amount of the 1946 tax liability, including penalty or interest, and other proper debts and deductions.

3. The Inheritance Tax Department of the Commonwealth of Pennsylvania is further directed to allow credit against the tax computed on the net current

value of the entire remainder interest to the extent of any prepayments heretofore made thereon, together with interest at the rate of six percent per annum from the date of such prepayment to the date of final payment.

4. The parties shall bear their respective costs.

5. An exception is hereby allowed to each party in interest.