Ventura *v.* Skylark Motel, Inc. (et al., Appellant).

460

Argued April 18, 1968.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George S. Saulnier,* with him *Class, Saulnier, Dunn & Abel,* for appellant.

*Michael T. McDonnell, Jr.,* with him *McDonnell &
McDonnell,* for appellee.

OPINION BY MR. JUSTICE EAGEN, October 3, 1968:

Francisco Ventura instituted this action in trespass
to recover damages for personal injuries suffered while
working in a trench which collapsed and caved in.
These are the record facts which are pertinent to the
question dispositive of this appeal.

One Township Line Corporation, the owner of cer-
tain land, engaged Van Cor, Inc., as prime contractor
to construct a motel thereon. Van Cor, Inc., then en-
gaged Wolfson & Schnoll, Inc., as subcontractor to
install all the plumbing, including any excavations re-
quired. Wolfson & Schnoll, Inc., in turn subcontract-
ed the excavation work to Walton & Co., Inc., by which
Ventura was employed. The accident occurred during
the progress of this work.

Wolfson & Schnoll, Inc., which was named as one
of the original defendants in the action filed prelimi-
nary objections to the complaint in the nature of a de-
murrer. It contended that under the pleaded facts, it
was Ventura's statutory employer within the meaning
of the Workmen's Compensation Act, Act of June 21,
1939, P. L. 520, §1, as amended, 77 P.S. 52, and since
there was no averment that the Workmen's Compensa-
tion Act had been rejected by any of the parties, Ven-
tura's exclusive remedy against it was under the act.
The lower court ruled Wolfson & Schnoll, Inc., was
not Ventura's statutory employer and dismissed the
preliminary objections. Wolfson & Schnoll, Inc., then
filed an answer, which included the following aver-
ments under "New Matter."

"3. By the employment agreement between Walton
& Co. Inc. and the Plaintiff, the Plaintiff expressly or
impliedly accepted the provisions of Article III of the
Pennsylvania Workmen's Compensation Act in effect

at the time of his employment and at the time of his injury, and Plaintiff is in fact receiving such Workmen's Compensation by virtue of his said employment agreement.

"4. There is and was no express statement in writing either from Walton & Co., Inc. to Plaintiff or from Plaintiff to Walton & Co., Inc. or from Wolfson & Schnoll, Inc. to Plaintiff or from Plaintiff to Wolfson & Schnoll, Inc. that the Pennsylvania Workmen's Compensation Act was not intended to apply to Plaintiff, and no such written statement or proof of service has been filed with the Department of Labor and Industry of the Commonwealth of Pennsylvania.

"5. Neither Walton & Co., Inc. nor Wolfson & Schnoll, Inc. at any time herein pertinent posted in any place upon the premises here involved where Plaintiff's injury occurred a notice of intention not to pay Workmen's Compensation nor did either Wolfson & Schnoll, Inc. or Walton & Co., Inc. file with the Department of Labor and Industry of the Commonwealth of Pennsylvania a copy of any such notice or proof of posting the same."

To this new matter, Ventura filed preliminary objections in the nature of a demurrer and motion to strike. After argument, the court en banc sustained these preliminary objections and ordered the above quoted new matter stricken for the same reason set forth in its opinion dismissing the preliminary objections to the complaint. From this order, Wolfson & Schnoll, Inc. (hereinafter appellant), appealed to this Court. Ventura (hereinafter appellee) filed a motion to quash this appeal on the ground, inter alia, that the order appealed from was interlocutory and unappealable. The motion will be granted.

An interlocutory order is unappealable unless expressly made so by statute (*Adcox v. Pa. Mfgrs' Assn.*

*Cas. Ins. Co.,* 419 Pa. 170, 213 A. 2d 366 (1965)), and admittedly there is no statute authorizing an appeal from the order involved. An order is interlocutory and not final unless it effectively puts the defendant "out of court." *Posternack v. Am. Cas. Co. of Reading,* 421 Pa. 21, 218 A. 2d 350 (1966), and *McGee v. Singley,* 382 Pa. 18, 114 A. 2d 141 (1955). An order does not put "a party out of court" unless it precludes proof of facts at trial, which if determined in favor of the pleader would provide him with a complete defense to the action. *Adcox v. Pa. Mfgrs' Assn. Cas. Ins. Co.,* supra. Such is not the case here.

The facts pleaded in appellant's new matter merely establish that none of the parties took the necessary steps to reject the Workmen's Compensation Act in the manner required by Art. III, §302(b) (77 P.S. 462) and that, therefore, the parties have accepted and are bound by the provisions of the Workmen's Compensation Act. But the legal conclusion that the parties are bound by the Workmen's Compensation Act, if that act applies, which follows from the facts asserted in the new matter also follows from the facts as pleaded in the complaint, since it is not pleaded therein that the act was rejected. For, if the act applies, the provisions thereof are conclusively presumed to control in the absence of an allegation that its provisions were rejected. See *Socha v. Metz,* 385 Pa. 632, 123 A. 2d 837 (1956).

There are, therefore, no factual matters necessary to be proved by appellant and found by the trier of fact in the determination of the purely legal question whether or not appellant is a statutory employer within the meaning of the Workmen's Compensation Act. The fact that the Workmen's Compensation Act has not been rejected is presumed as a matter of law if that act is applicable by virtue of the nonaverment of such rejection in the complaint. The facts alleged in

appellant's new matter which were stricken are, therefore, conceded and not in issue.

Appellant having pleaded as a defense that it is a statutory employer and that appellee's exclusive remedy is under the Workmen's Compensation Act, this legal issue is preserved and it is not precluded from again raising it at the trial or upon the conclusion of the trial and an appeal may then be taken by the party adversely affected by the judgment entered as a consequence of the ruling thereon. *Adcox v. Pa. Mfgrs' Assn. Cas. Ins. Co.,* supra.

Appeal quashed.