## Purdy Estate.

Argued January 13, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Vincent X. Yakowicz,* Deputy Attorney General, with him *J. Shane Creamer,* Attorney General, for Commonwealth, appellant.

*Edwin B. Barnett,* with him *Joseph P. Mullen,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, May 25, 1972:

William C. Purdy died testate on October 5, 1954, leaving a life estate to his widow with an unlimited power of consumption and the remainder, if any, to his nephew. As of February 24, 1956, the executors of William C. Purdy's estate overpaid the inheritance tax by the amount of $4,824.30. After the death of the life tenant, the executors of William C. Purdy's estate claimed as a credit on the inheritance tax not only this overpayment but also the legal interest on the overpayment, to wit, $3,200.85. While crediting the overpayment, the Commonwealth disallowed the interest claim and the estate filed a protest with the Department of Revenue. The protest was denied and an appeal was taken to the Orphans' Court Division of the Court of Common Pleas of Delaware County. That court held that the Commonwealth was liable for interest on the overpayment and this appeal followed.

Initially, it is argued that our order of April 19, 1971, permitting the Commonwealth's appeal *nunc pro*

*tunc* was improper. Since the decree of the court below was entered on February 24, 1969, more than two years before this appeal was filed, the appellee argues that the statutory appeals period is mandatory and that this Court is powerless to extend the time. *E.g.,* *Dixon Estate,* 443 Pa. 303, 279 A. 2d 39 (1971); *Hanna Estate,* 367 Pa. 337, 80 A. 2d 740 (1951). Although we agree with this principle, we believe our previous order was correct.

Along with appellant's petition for leave to file an appeal *nunc pro tunc* and answer thereto, the parties filed a stipulation which stated, *inter alia,* "[n]either attorney received any form of notice or notification from any source whatsoever that [the court below] entered an Order dated February 24, 1969 until [appellee's counsel] first learned of said Order on January 18, 1971." Although it was further stipulated that the clerical staff of the court below "would testify that it was their usual practice . . . to mail to counsel of record copies of Opinions and Orders," we believe the facts of this appeal are sufficiently analogous to *Nixon v. Nixon,* 329 Pa. 256, 198 Atl. 154 (1938), and its progeny as to warrant our review.*

Addressing the merits of this litigation, the specific issue presented by this appeal is whether the Commonwealth, in the absence of any contract or statute, is liable for the payment of interest on the overpayment of inheritance taxes. The court below relied on an adjudication by the same court in *Willcox Estate,* 14 Fiduc. Rep. 314, 319-20, 33 Pa. D. & C. 2d 349, 354-55 (O.C.

---

* The appellant's counsel in *Nixon* was not informed by the Superior Court Prothonotary of the decision of that Court and this Court allowed an appeal *nunc pro tunc*: "appellant should not be made to suffer for the prothonotary's neglect to notify him of the order affirming the judgment." 329 Pa. at 261, 198 Atl. at 158. *See, also, Peter Adoption Case,* 176 Pa. Superior Ct. 6, 107 A. 2d 185 (1954).

Del. 1964) : "[I]f an inheritance tax is not paid when due, the Commonwealth imposes a penalty equivalent to interest charges. Justice and equity require that where there has been a prepayment of part, but less than all, of the tax due at some future date, the taxpayer should be entitled at the time of final assessment to credit not only for the dollar amount of the prepayment, *but also interest thereon.*" (Emphasis added)

Initially, it should be noted that we are not bound by *Willcox Estate.* Moreover, the appellee ignores an operative fact: the Commonwealth did not solicit such overpayment. Lastly, the appellee ignores the well-settled rule that a sovereign state is not liable for interest in any case except where, expressly or by reasonable construction of a contract or statute, it has placed itself in a position of liability. *See, Marianelli v. General State Authority,* 354 Pa. 515, 516, 47 A. 2d 657 (1946) ; *Pennsylvania Turnpike Comm. v. Smith,* 350 Pa. 355, 362, 39 A. 2d 139, 143 (1944) ; *Culver v. Commonwealth,* 348 Pa. 472, 474, 35 A. 2d 64, 65 (1944) ; *Philadelphia v. Commonwealth,* 276 Pa. 12, 14, 119 Atl. 723 (1923). *See, generally,* Annot., 88 A.L.R. 2d 823 (1963). Accordingly, we are of the opinion that the decree of the court below was clearly erroneous.

Decree reversed. Costs to be equally divided.