337 A.2d 277
ALTEMOSE CONSTRUCTION COMPANY
v.
BUILDING AND CONSTRUCTION TRADES COUNCIL OF
PHILADELPHIA AND VICINITY
et al., Appellants.

Supreme Court of Pennsylvania.

Argued Jan. 15, 1974.

Decided March 18, 1975.

Bernard N. Katz, Richard B. Sigmond, Meranze, Katz, Spear & Wilderman, Philadelphia, for appellants.

John W. Pelino, Max L. Lieberman, Martin R. Lentz, Pelino, Wasserstrom, Chucas, Philadelphia, Butera & Detwiler, King of Prussia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

On June 5, 1972, the Court of Common Pleas of Montgomery County entered a preliminary injunction, enjoining appellants from certain activities after the occurrence of acts of violence during picketing at various building sites. Appellants appealed to this court. *Altemose C. Co. v. B. & C. T. Council of Phila.*, 449 Pa. 194, 296 A.2d 504 (1972), cert. denied 411 U.S. 932, 93 S.Ct. 1901, 36 L.Ed.2d 392 (1973).

In March of 1973, appellants moved to modify or dissolve the preliminary injunction. A hearing was held and on September 11, 1973, the court below entered a decree refusing to modify or dissolve the preliminary injunction. This appeal followed.

We are of the opinion that appellants' attempt to appeal from the denial to dissolve or modify the preliminary injunction must be quashed. In *Meng v. Meng,* 380 Pa. 110, 110 A.2d 225 (1955), this court stated:

"The order of the Court below refusing to dissolve the preliminary injunction and permitting the appellee to file a bond nunc pro tunc, being interlocutory only and therefore not appealable, the appeal is quashed." At page 111, at page 225 of 110 A.2d.

Moreover, if appellants attempt to appeal the denial of their request to modify the preliminary injunction was premised on the Act of July 31, 1970, P.L. 673, No. 223, Article 5, Section 502(c), 17 P.S., Section 211.502(c), which provides:

"Interlocutory Appeals—

"A petition for allowance of appeal from an interlocutory order shall be filed within twenty days of its entry,"

the appeal was untimely. The Court of Common Pleas of Montgomery County entered its order denying appel-

lants' request for a modification of the preliminary injunction on September 11, 1973, and appellants' appeal was filed on October 4, 1973, well past the prescribed twenty-day period.

Appeal quashed. Costs to be borne by appellants.

JONES, C. J., and O'BRIEN, POMEROY and NIX, JJ., join in this opinion.

POMEROY, J., filed a concurring opinion in which JONES, C. J., and NIX, J., joined.

MANDERINO, J., filed a dissenting opinion in which EAGEN and ROBERTS, JJ., join.

POMEROY, Justice (concurring).

I join in the opinion of the Court, and add this separate statement only because of the concern of the dissenters that a "grievous error" has been committed in quashing the appeal. This concern, in my view, misconceives the procedural framework of our rules relative to proceedings in equity where preliminary injunctive relief is sought and granted.

As the dissenting opinion of Mr. Justice Manderino points out, "[a]ny party may move at any time to dissolve an injunction". Pa.R.C.P. 1531(c). The trial court then, after a preliminary hearing, makes an order dissolving, continuing or modifying the injunction. *Id.,* par. (e). This order, like any other, is not a final one unless it effectively puts the moving party "out of court". *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 246 A.2d 353 (1968); *Posternack v. Am. Cas. Co. of Reading,* 421 Pa. 21, 218 A.2d 350 (1966); *McGee v. Singley,* 382 Pa. 18, 114 A.2d 141 (1955). A party is not "out of court" unless he is precluded from "presenting the merits of his claim to the lower court." *Marino Estate,* 440 Pa. 492, 494, 269 A.2d 645, 646 (1970). One whose motion to dissolve a *preliminary* injunction is denied is not

so precluded; he may continue to move to dissolve the injunction based on a change in circumstances, or may proceed to a final hearing upon the issue of whether the injunction shall be made permanent. Thus, it has long been held that orders denying motions to dissolve preliminary injunctions are interlocutory. *Meng v. Meng*, 380 Pa. 110, 110 A.2d 225 (1955); *Wanamaker v. Wanamaker*, 315 Pa. 229, 172 A. 846 (1934); *Drum v. Dinkelacker*, 262 Pa. 392, 105 A. 509 (1918).[1]

It is well-established that an interlocutory order, such as the one before us, is not appealable "unless expressly made so by statute." *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 462, 246 A.2d 353, 355 (1968); see *P. Agnes, Inc. v. Phila. Police Home Ass'n.*, 439 Pa. 448, 266 A.2d 696 (1970); *Adcox v. Pa. Mfgrs' Ass'n. Cas. Ins. Co.*, 419 Pa. 170, 213 A.2d 366 (1965). By statutes of long standing, a party may appeal either the granting or denial of a preliminary injunction even though interlocutory. See Act of February 14, 1866, P.L. 28, § 1, 12 P.S. § 1101 (1953); Act of June 12, 1879, P.L. 177, § 1, 12 P.S. § 1102 (1953). And, of course, a party may appeal the granting or denial of a permanent injunction. But there is no statute which permits appeals from orders denying motions to dissolve preliminary injunctions,[2] no doubt

1. An order refusing to dissolve a *permanent* injunction does effectively put a party out of court and is therefore appealable. See *Pappas v. Local Joint Executive Board*, 374 Pa. 34, 96 A.2d 917 (1953).

2. Section 501 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. V., § 501, 17 P.S. § 211.-501 (Supp.1974), provides for the discretionary allowance of appeals from interlocutory orders which would not otherwise be appealable. Such appeals, however, may only be taken if the lower court in its order states "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. . . ." No such certification has been made by the trial court with respect to its order now before us. Therefore, a discretionary allowance of this appeal pursuant to the Act of 1970 is not permissible.

for the very good reason that we would otherwise be faced with multiple interim appeals from the granting of a single injunction. Thus, the order before us is not appealable, and the appeal is properly quashed.

The dissenting opinion makes two arguments which to me are quite irrelevant as to the appealability of an order refusing to dissolve a preliminary injunction. It is first stated that it would be unreasonable to compel an enjoined party to proceed to a final hearing when that party "desires to accept the adverse judicial determination made at the preliminary hearing". (Dissenting Opinion, *infra*, at 280). The point is then made that "appellants cannot be indefinitely bound by an injunction which infringes on their constitutional rights to peaceful picketing." These arguments appear to me to be antithetical one to the other. But, however, that may be, our procedural rules are not unmindful of the need for speedy resolution of preliminary injunctions involving freedom of expression. When such an injunction is issued, it is mandatory for a trial court to hold a final hearing within three days after demand by the defendant, and to file a final decree within twenty-four hours thereafter; otherwise the injunction is deemed dissolved. Pa.R.C.P. 1531(f)(1). But in all the time that has intervened since the modified preliminary injunction was issued in the case at bar, no such demand has ever been made. If, as the dissenting opinion suggests, there are factors which make such a final hearing undesirable, all the aggrieved party need do is to stipulate that the proceedings on the preliminary injunction be taken as the final hearing and decree. The case would then be immediately ripe for final appellate review.

In view of our holding that the order before the Court is not appealable, the majority opinion quite properly does not reach the merits of appellant's motion to dissolve or modify the injunction. There is no need, therefore, to discuss the assertion in the dissenting opinion

that appellants have come forth with a "new claim" based upon "changed circumstances." For the reasons already stated, the correctness of the lower court's decision on this question is not reviewable at this juncture.

JONES, C. J., and NIX, J., join in this concurring opinion.

MANDERINO, Justice (dissenting).

I must dissent. The majority summarily disposes of this appeal involving serious constitutional questions about appellants' right to peaceful picket by erroneously relying on one case and one statute—neither of which is applicable to this appeal. The majority, moreover, ignores Rule 1531(c) of the Pa.R.Civ.P., 12 P.S. Appendix, which states: "Any party may move at any time to dissolve an injunction." The appellants properly moved in the lower court to dissolve an existing injunction against peaceful picketing and properly filed an appeal to this Court when their motion was denied. A complete discussion is necessary to properly understand the grievous error of the majority.

This is an appeal from a decree entered by the trial court on September 11, 1973, refusing appellants' motion to modify or dissolve a preliminary injunction. The appellants are: (1) Building and Construction Trades Council of Philadelphia and Vicinity, (2) Thomas Magrann, Business Manager of the Council, (3) Local 30, United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Association, and (4) Stephen Traitz, Business Manager of Local 30. The appellee is the Altemose Construction Company.

This litigation began in June of 1972, when a preliminary injunction issued prohibiting the appellants from engaging in certain activity including peaceful picketing within one mile of any of the appellee's construction sites. The trial court issued the injunction after con-

cluding that the prohibition against peaceful picketing was justified because the appellants' picketing had been enmeshed with acts of violence which occurred during approximately a *four-month period prior to the issuance of the preliminary injunction.* Appellants appealed to this Court which ordered a modification because the distance of one mile effectively eliminated appellants' First Amendment rights to peacefully assemble in southeastern Pennsylvania. *Altemose Constr. Co. v. Building & Trades Council,* 449 Pa. 194, 296 A.2d 504 (1972), cert. denied, 411 U.S. 932, 93 S.Ct. 1901, 36 L.Ed.2d 392 (1973). Following the appeal in this Court, the trial court modified the restriction of the preliminary injunction by reducing the one mile distance to a distance of 200 yards.

In March of 1973, after the preliminary injunction had been in effect for about nine months, the appellants moved to modify or dissolve the injunction. A hearing was then held and on September 11, 1973, the trial court entered a decree refusing to modify or dissolve the injunction. This appeal followed.

The appellee has moved to quash this appeal contending that the September 11, 1973 decree is not appealable because decrees refusing to modify or dissolve preliminary injunctions are always interlocutory if a final hearing on the issuance of the preliminary injunction has not been held in the trial court. I do not agree.

Appellants, in moving for a modification or dissolution of the injunction, did not seek to relitigate their *original* claim challenging the legality of the issuance of the injunction in June of 1972. They did not contest the trial court's original findings of fact concerning the events that occurred during the four-month period *prior* to the issuance of the injunction. They did not question the trial court's original conclusions of law that appellants' conduct *prior* to the issuance of the injunction justified

the injunctive relief including the restriction placed on peaceful picketing.

Instead, the appellants' motion raised a *new* claim. They alleged that their conduct, during the nine-month period *after* the injunction went into effect, was in compliance with the injunction, and that compliance warranted new and different legal conclusions which required a modification or dissolution of the injunction. *See Milk Wagon Drivers Union of Chicago, Local 753 v. Meadowmoor Dairies, Inc.*, 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836 (1941); *Wilkes Sportswear v. Ladies' G.W.U.*, 380 Pa. 164, 110 A.2d 418 (1955); *Ladner v. Siegal (No. 4)*, 298 Pa. 487, 148 A. 699 (1930); Pa.R.Civ.P. 1531(c). Under those circumstances, there was no necessity for a final hearing on appellants' *original* claim. There is no rule of law requiring a party to litigate an original claim if that party is willing to accept an adverse judicial determination already made on that particular claim. When the appellants did not succeed either in the trial court or on appeal, in their challenge to the original issuance of the preliminary injunction, they could have requested a final hearing. Their failure to do so precludes this Court at this time from reviewing their *original* claim, but cannot preclude appellate review of a decree denying relief on their *new* claim *of changed circumstances.*

A preliminary injunction is "preliminary" only in the sense that the party enjoined must be given another opportunity, upon request, to challenge the issuance of the injunction at a final hearing. A party enjoined after only a preliminary hearing may well decide, however, for a variety of reasons not to request a final hearing. The overwhelming persuasiveness of a judicial opinion, or the advice of counsel that further challenge would be futile, or the desire to conserve money and time are examples of factors which might well influence an enjoined party to forego the right to a final hearing. It would be unreasonable to insist that an enjoined party proceed to a final

hearing on the original claim when the party desires to accept the adverse judicial determination made at the preliminary hearing. It would also be unreasonable to hold that a party who does not exercise one's right to a final hearing on the *original* claim is therefore barred from raising a *new* claim based on alleged *changed circumstances* occurring at any time after the issuance of the original injunction.

The appellants cannot be indefinitely bound by an injunction which infringes on their constitutional rights to peaceful picketing. In the previous appeal to this Court, three members said that the 200-yard picketing restriction was unconstitutional. *Altemose Const. Co. v. Building & Const. Trades Council*, 449 Pa. 194, 196, 296 A.2d 504, 506 (1972) (Opinion in Support of Modification of Decree with Rejection of all Distance Restrictions and Reverse of Contempt Judgments). Three members said that the 200-yard restriction was constitutional because of a "momentum of fear generated by past violence." *Id.* at 208, 296 A.2d at 512 (Opinion in Support of Affirmance of Decree at No. 31 with Modification and of Reversal of Judgments of Contempt at No. 40). Surely, the 200-yard restriction must fall if and when the appellants are able to show *changed circumstances*. In *Wilkes Sportswear v. International Ladies' G.W.U.*, 380 Pa. 164, 170, 110 A.2d 418, 421 (1955), we said:

"In *Milk Wagon Drivers Union of Chicago, Local 753, v. Meadowmoor Dairies, Inc.*, 312 U.S. 287, 298, 61 S.Ct. 552, 557, 85 L.Ed. 836 the court said: 'The injunction which we sustain is "permanent" only for the temporary period for which it may last. It is justified only by the violence that induced it and only so long as it counteracts a continuing intimidation. *Familiar equity procedure assures opportunity for modifying or vacating an injunction when its continuance is no longer warranted.*' In *Ladner v. Siegal (No. 4)*, 298 Pa. 487, 496, 148 A. 699, 702, 68 A.L.R. 1172, it was

said: ' "The court which rendered a decree for an injunction may * * * open, vacate or modify the same where the circumstances and situation of the parties are shown to have so changed as to make it just and equitable to do so" '. And again, 298 Pa. at page 500, 148 A. at page 703: 'A decree protecting a property right is given subject to the rules governing modification, suspension, or dissolution of an injunction. The decree is an ambulatory one and marches along with time affected by the nature of the proceeding.' "

(Emphasis added.)

In *Pappas v. Local Joint Executive Board*, 374 Pa. 34, 37, 96 A.2d 915, 917 (1953), we said:

"Defendant is entitled to a dissolution of the injunction. In *Tamagno v. Waiters and Waitresses Union, Local No. 301*, recently decided, 373 Pa. 457, 96 A.2d 145, we held, under the circumstances there present, that the court erred in not dissolving an injunction which had been entered two years before. We pointed out, citing *Ladner v. Siegel (No. 4)*, 298 Pa. 487, 500, 148 A. 699, 703, 68 A.L.R. 1172, and *Milk Wagon Drivers Union of Chicago, Local 753, v. Meadowmoor Dairies, Inc.*, 312 U.S. 287, 298, 61 S.Ct. 552, 85 L.Ed. 836, that *an injunctive decree does not give to the complaining party a perpetual or vested right therein, that such a decree is an ambulatory one which is affected by the march of time and the nature of the proceeding, and that an injunction against picketing because of its being attended by violence is justified solely by reason of that fact and only so long as it counteracts a continuing intimidation.* The controlling question is whether there is any reasonable ground to believe that the illegal practices which led to the original entry of the injunction will be repeated if the injunction be dissolved. In the present instance there would not seem to be any basis whatever for such apprehension. The

parties have agreed, and the court below found, that from the time the final decree was entered in 1944 until the present neither the defendant nor any of its affiliated unions have engaged in any disorder, acts of violence, or threats thereof, have attempted to coerce plaintiffs into requiring their employes to become members of a union, have made any demands upon plaintiffs as to conditions of employment or to represent their employes, or have presented any contract for a collective bargaining agreement with respect to such conditions or representation."

(Emphasis added.)

Appellate review must be permitted when the party enjoined claims that *changed circumstances* require the dissolution or modification of an injunction, and a decree is entered denying relief. Such a decree effectively puts the party out of court on the new and present claim and is therefor appealable. *See Goldman v. McShain,* 432 Pa. 61, 247 A.2d 455 (1968); *Posternack v. American Casualty Company of Reading,* 421 Pa. 21, 218 A.2d 350 (1966).

We should therefore deny the appellee's motion to quash this appeal. On the present record, however, we are unable to consider the merits of the trial court's decree refusing to modify or dissolve the injunction. That decree was not accompanied by an adjudication containing a statement of the issues, findings of fact, a discussion of the questions of law, conclusions of law, or a decree nisi. *See* Pa.R.Civ.P. 1517. *See also* Pa.R.Civ.P. 1516, 1518–1519. The matter should therefore be remanded for compliance with the Rules of Civil Procedure. Meaningful appellate review will then be possible.

The decree below should be vacated, and the record remanded with instructions that the trial court prepare an adjudication in conformity with Pennsylvania Rules of Civil Procedure 1516–1517. The parties then, if they so choose, may proceed in conformity with rules 1518–1519.

*See Community Sports, Inc. v. Oakland Oaks,* 429 Pa. 412, 240 A.2d 491 (1968).

EAGEN and ROBERTS, JJ., join in this dissenting opinion.