428 A.2d 587

**Earl MARCINAK and Frances Marcinak, his wife**

v.

**John LAVERY and Pearl Lavery, his wife, Appellants.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed April 3, 1981.

Kenneth O. Tompkins, II, Waynesburg, for appellants.

Joseph E. Kovach, Uniontown, submitted a brief on behalf of appellees.

Before PRICE, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

The defendants appeal the lower court's order denying their petition for leave to file exceptions nunc pro tunc. They argue that a breakdown occurred in the processes of the lower court which denied them the right to appeal and that the lower court abused its discretion in denying their petition for leave to file exceptions, nunc pro tunc. We agree and remand the case for the filing of exceptions.

Our disposition requires a review of the somewhat complicated history of this case. In 1974 the plaintiffs brought an action in equity to enjoin the defendants from interfering with an easement which burdened defendants' land. The plaintiffs claimed that their deed gave them the right to drain the basement of their residence through a sewer line which opened on defendants' property. The defendants through their attorney, Mr. Webster, filed an answer. On October 3, 1974 a trial was held and defendants were represented by counsel. Apparently the record of the testimony of this trial was either lost or destroyed and, therefore, another trial was held on October 14, 1976.

On October 14, 1976 the date of the second trial, the defendants dismissed their attorney and represented themselves.[1]

On April 29, 1977 the chancellor issued a decree nisi in favor of the plaintiffs. The docket entries show that on May 18, 1977 an "appeal" was filed; this was apparently the defendants' exceptions to the decree nisi. The defendants claim that these exceptions have been lost; and they are not part of the record on appeal. The case was placed on the argument list and on December 30, 1977 the court en banc modified the decree nisi. The court en banc, inter alia, enjoined the defendants from interfering with the plaintiffs' sewer line and ordered the plaintiffs to submit to the court a plan of the proposed sewer line for court approval prior to installation. The docket entry shows that on January 4, 1978 copies of the order were mailed to *counsel* of record.

In May, 1978 the court approved the plaintiffs' plan for installation of the sewer line and a copy of the order was served on the defendants by the sheriff. The defendants filed exceptions pro se. The court ordered that a hearing be held on June 23, 1978 and copies of the order were issued to *counsel* of record. On June 23, 1978 a hearing was held, but the defendants did not appear; they claimed they did not receive notice of the hearing. On July 6, 1978 another hearing was held on the exceptions. At that time the court told the defendants, who were appearing pro se, that the court en banc had modified the decree nisi, but the record shows that the defendants did not understand the court.

On August 3, 1978 the court filed an order approving the sewer plan and issued a copy of the order to the defendants. On October 30, 1978 the defendants' present attorney, Mr. Tompkins, entered his appearance. On November 8, 1978 the defendants filed a petition for leave of court to file exceptions nunc pro tunc. Argument was set for November 24, 1978. On December 1, 1978 the court en banc denied the petition and this appeal followed.

1. The transcript of the second trial is not part of the record transmitted to us by the lower court or part of the reproduced record.

96

The defendants seek review of the court en banc's order dated December 30, 1977. However, they did not appeal that order within the time period prescribed for filing an appeal and they did not appeal the order filed August 3, 1978 which approved the sewer plan within the time period prescribed for filing an appeal. They argue that they should be allowed to appeal nunc pro tunc. They also argue that since exceptions must be filed in the lower court to preserve issues for appeal, they should be allowed to file exceptions in the lower court since the exceptions they previously filed there have been lost.

The time for filing an appeal may be extended only when there is fraud or some breakdown in the court's operation. *E. g., West Penn Power Co. v. Goodard*, 460 Pa. 551, 333 A.2d 909 (1975); see Pa.R.A.P. 105(b) comment; Pa.R.A.P. 903; 9 Standard Pa. Practice Chapter 39, § 25 (1962 revised). The court's failure to send notice of the order which is sought to be appealed constitutes a breakdown in the court's operation that may justify allowing an appeal nunc pro tunc. *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938); *see generally Purdy Estate*, 447 Pa. 439, 291 A.2d 93 (1972); *Commonwealth v. Horner*, 449 Pa. 322, 296 A.2d 760 (1972); *Peter Adoption Case*, 176 Pa.Super. 6, 107 A.2d 185 (1954). Here the lower court held that the defendants were aware of the order they wish to appeal. We disagree. The docket entries show that notice of the court en banc's order modifying the decree nisi was mailed on January 4, 1978 to "counsel of record". The docket does not show that the order was mailed to the defendants. Apparently the order was mailed only to defendants' former lawyer; his name still appeared on the docket as counsel of record. However, the court had known since the time of trial, October 14, 1976, that the defendants were appearing pro se and had dismissed their lawyer. Although the defendants' lawyer should have withdrawn his appearance, his failure to do so does not preclude the defendants from asserting that they received no notice. Moreover, notice to their former lawyer who apparently did not send such notice to the defendants is not notice to the defendants.

The record subsequent to January 4, 1978, the date that the court en banc's order modifying the decree nisi was mailed to counsel of record, corroborates the view that when notice was sent to counsel of record, the defendants did not receive such notice. On June 2, 1978 notice of a hearing on defendants' exceptions to the plaintiffs' proposed sewer plan was sent to "counsel of record". The defendants did not appear at this hearing and later said they had received no notice of the hearing. The court held another hearing to allow the defendants an opportunity to present their views. All other notices after January 4, 1978 were specifically sent to the defendants according to the docket entries. Thus we conclude that the record shows that notice of the court en banc's order modifying the decree nisi was not mailed on January 4, 1978 to the defendants.

■ Although notice was not sent to the defendants on January 4, 1978, we must consider whether notice may have been given to them another time. On July 6, 1978 a hearing was held on defendants' exceptions to plaintiffs' sewer plan. During the course of the hearing the court informed the defendants that the court en banc had affirmed the decree nisi in part and overruled it in part and that the defendants' appeal had been denied in part. N.T. July 6, 1978, 6–7. However, the hearing shows the defendants did not understand how their exceptions could have been decided without notice to them. *Id.* at 7. The court explained that notice had been given to the defendants and the defendants agreed they had received an order, apparently thinking that the court was referring to another order which they had received. *Id.* However, it is clear from later remarks from the defendants that they did not understand that their exceptions to the decree nisi had been decided.[2] *Id.* at 30. We hold that the remarks at this hearing were not sufficient to constitute notice to the defendants; the remarks were in

2. Mr. Lavery:
    \*    \*    \*    \*    \*    \*
    I understant [sic] it is not your case. I did appeal this case, and it did not come up-another hearing. \* \* \* N.T. July 6, 1978, 30. The judge who presided at this hearing was not the trial judge.

a different form from the usual notice since they were oral rather than written, they were made in the context of a hearing devoted to another purpose, they occurred in the midst of the hearing while other matters were under discussion, and the record of the hearing affirmatively shows the defendants did not understand to which order the court was referring (at that time the defendants had filed two sets of exceptions: one to the decree nisi, the other to the proposed sewer plan). Finally we consider whether the defendants' failure to appeal the order filed August 3, 1978 which approved the sewer plan precludes them from relief. The court en banc's order modifying the decree nisi enjoined the defendants from obstructing plaintiffs' use of the sewer line and required the plaintiffs to submit a proposed plan for the sewer line. Since the plaintiffs were required to submit a proposed plan for the sewer line, the order did not end the case. Therefore, it was not a final order. *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978). Since the order modifying the decree nisi was not a final order, review of that order could have been obtained by appealing the final order approving the sewer plan. Nevertheless we have stated that:

> "In an action tried without a jury, an appeal is premature if entered before exceptions have been disposed of . . ." 2 Goodrich-Amram 2d § 1038(e) 2 at 507; *cf. Slotsky v. Gellar,* 455 Pa. 148, 314 A.2d 495 (1974) (in equity action appeal does not lie until court en banc passes on exceptions to trial court's adjudication).

*Paul v. Paul,* 281 Pa.Super. 202, 211, 421 A.2d 1219, 1224 (1980). Instantly defendants had no notice that their exceptions had been disposed of. Thus in their view an appeal from the order approving the sewer plan would have been premature. Moreover, had notice been given of the order modifying the decree nisi, the defendants could have appealed the order immediately since it was an injunction. *See Altemose Construction Co. v. Building and Construction Trades, Council of Philadelphia and Vicinity et al.,* 461 Pa. 524, 527, 337 A.2d 277, 278 (1975) (concurring opinion by Pomeroy, J.); Pa.R. A.P. 311(a)(4). Under these circumstances the defendants'

failure to appeal the final order approving the sewer plan does not preclude them from the relief they seek.

■ Since notice of the order ruling on their exceptions to the decree nisi was not given to the defendants, they may appeal nunc pro tunc. Instantly, however, merely allowing an appeal nunc pro tunc is not sufficient. Here the record of the defendants' exceptions has been lost; the exceptions are not contained in the record on appeal, the opinion and order ruling on the exceptions did not indicate what exceptions were raised and the defendants have no reliable copy of the exceptions (they have incomplete workpapers). Under these circumstances we remand to allow the filing of exceptions The lower court was concerned that to allow the defendants to re-submit exceptions would give them an unfair advantage since now the exceptions will be prepared with the aid of counsel. The loss of the exceptions from the record, however, was not the fault of the defendants. Moreover, the matters which can be raised on appeal are not only limited to those matters contained in exceptions, but, as to some matters, are further limited to matters which were properly preserved at trial as well. Therefore, there is no unfair advantage to the defendants. Finally, although we realize that the lower court was most patient with the defendants who appeared pro se and was careful to accord them their rights and that the delay in the resolution of this matter may be disadvantageous to the plaintiffs, in our view more injustice would result to the defendants if their right to appellate review is denied.

Order reversed and case remanded to allow defendants to file exceptions nunc pro tunc to the lower court's order dated December 30, 1977. After the lower court rules on the exceptions, either party may file a new appeal to this court.

PRICE, J., concurs in the result.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent. I would affirm on the well-reasoned Opinion of Judge Adams of the court below.